# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES R. GLOVER, | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 1:09-CV-03009-TCB |
| | :: | |
| v. | :: | |
| | :: | |
| GREGORY L. SIMONE, | :: | |
| DR. DOUGLAS E. KRUG, | :: | CIVIL RIGHTS |
| DR. JOHN DOE, | :: | 42 U.S.C. § 1983 |
| OFFICER STEPHEN P. MILLER, | :: | |
| CHIEF DAN FLYNN, | :: | |
| LT. CLIFF KELKER, | :: | |
| OFFICER S. DAVIS, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, James R. Glover, formerly a Georgia prisoner, has submitted this *pro se* civil rights action [1], seeking relief under 42 U.S.C. § 1983. Glover formerly was granted leave to proceed *in forma pauperis* as a prisoner [3], but he has since been released from incarceration, and now seeks leave to proceed *in forma pauperis* as a non-prisoner [5]. It appears that each of the named Defendants has been served with Glover's complaint. (See Docs. 6-10, 13.) This matter is now before the Court for an initial screening and for consideration of Defendant Simone's Motion to Dismiss [11] and Motion to Stay Proceedings [14], and Defendants Simone, Krug, Miller, Flynn, Kelker, and Davis's Motion for Scheduling Conference [16].

## I. The Legal Framework

### A. 28 U.S.C. § 1915A Review

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, _ U.S.

2

\_, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible") (internal quotations omitted); Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

### B.  42 U.S.C. § 1983 Cause of Action

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

3

## II. The Complaint

Glover sets forth the following allegations. Officers Miller and Davis of the Marietta City Police Department stopped his vehicle at 3:33 a.m. on August 24, 2008. Despite his registering .000 on a breath test, the officers conducted an "illegal search and seizure" of his vehicle and transported him to Wellstar Kennestone Hospital (Wellstar). At Wellstar, Glover willingly gave a blood sample, but he informed the officers that he was unable to produce urine. At about 6:05 a.m., Dr. John Doe, "acting in concert" with the two officers, used a catheter to extract a urine sample from Glover, thereby "physically and sexually" assaulting him. (Compl. at 3-4, 7-11.) Dr. Krug then issued a "void/defective 1013 . . . for the convenience of Defendants S. Miller, S. Davis and the Marietta City Police Department." (Id. at 12-13.)

Glover further alleges that Defendants Flynn and Kelker "conspired to cover up the physical and sexual assault . . . by claiming and stating in an unsigned document to [him] that Officers S. Davis and S. Miller had no part in [the] assault." (Id. at 13-14.) Glover claims he has evidence that at least eight other patients at Wellstar "claim to have been sexually assaulted by two or more Wellstar employees" during the same time span as Glover. (Id. at 15.) Glover claims that Drs. Krug and Doe acted "with the knowledge and consent" of Simone, Wellstar's chief executive officer, or that their

4

actions were later "approved and ratified" by Simone. (Id. at 16.) Glover claims that the Defendants violated his rights under the Fourth, Sixth, and Fourteenth Amendments to be free from illegal search and seizure and unlawful arrest and detention. He seeks compensatory and punitive damages. (Id. at 17-19.)

## III.  Discussion

"Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes. The Eleventh Circuit recognizes three tests for establishing state action by what is otherwise a private person or entity: the public function test, the state compulsion test, and the nexus/joint action test." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). "The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotations omitted). Furthermore, the Supreme Court has held that "[a] defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis," and "every circuit court to consider the issue has extended the holding to private corporations as well." Harvey, 949 F.2d at 1129-30 (citing Monell v. Dep't of Soc. Serv., 436 U.S.

5

658 (1978), and concluding that a private hospital "cannot be faulted for the conduct of its employees").

Apparently, the only basis for Glover's suit against Simone is Glover's conclusory allegations that Simone, a private actor, the chief executive officer of a private corporation, either knew about and consented to, or "approved and ratified," the actions of two of his employees, also private actors, who allegedly conspired with, or acted jointly with, two police officers to extract urine from Glover against his will. This attenuated chain of causation is an insufficient basis to maintain a § 1983 action against Simone. Noting the well-established rule "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," the Eleventh Circuit has stated that, instead, a supervisor is individually liable only when he "personally participates in the alleged unconstitutional conduct or when there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). This causal connection can be established by showing that (1) the supervisor knew about and failed to correct a widespread history of abuse, or (2) he had a custom or policy that resulted in a constitutional violation, or (3) the "facts support an inference that the supervisor directed the subordinates to act unlawfully or

6

knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (Internal quotations omitted.) "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Id. Glover's conclusory allegations against Simone do not meet that standard, and, therefore, Simone's motion to dismiss will be granted.

In addition, Glover has not alleged any cognizable basis for proceeding against Dr. Krug, Chief Flynn, or Lieutenant Kelker, who also will be dismissed from this action. Glover has not explained how Dr. Krug's issuance of a "void/defective 1013" or Chief Flynn and Lieutenant Kelker's "claiming and stating in an unsigned document" that Officers Miller and Davis were not involved in the alleged assault against Glover violated his constitutional rights, and the Court will not speculate, or require these three Defendants to speculate, about how these alleged actions might support a § 1983 cause of action. See Twombly, 550 U.S. at 555-56.

With respect to the actual use of the catheter, however, Glover has alleged sufficient facts to maintain a cause of action against Officer Miller, Officer Davis, and Dr. John Doe. There seems little dispute that "the taking of blood against a person's will for determining blood-alcohol content [does] not violate the Fourth Amendment." United States v. Vega-Barvo, 729 F.2d 1341, 1347 (11th Cir. 1984) (citing Schmerber

7

v. California, 384 U.S. 757, 770-71 (1966)). "Nevertheless, force, or the lack thereof, remains a factor to be considered in Fourth Amendment cases." Id. at 1348. "The forcible extraction of urine through a catheter arguably presents Fourth Amendment considerations of somewhat greater intensity. Unlike the withdrawal of blood, catheterization cannot be said to involve 'virtually no risk, trauma, or pain.'" Lovett v. Boddy, 810 F. Supp. 844, 848 (W.D. Ky. 1993) (citing Schmerber, 384 U.S. at 771). Accordingly, taking Glover's allegations as true, as the Court must at this stage of the proceedings, his Fourth Amendment claim will be allowed to proceed against Officers Miller and Davis, and also against Dr. John Doe, who allegedly acted under state compulsion in administering the catheter to Glover, despite Glover having already given breath and blood samples to the police.

### IV. Disposition

For the foregoing reasons, this Court finds that Plaintiff has alleged a viable Fourth Amendment cause of action under § 1983 against Officers Miller and Davis and against Dr. John Doe. Accordingly, his claims are **ALLOWED TO PROCEED** as in any other civil action against those three Defendants. However, because Plaintiff has not stated a claim for relief against Defendants Simone, Krug, Flynn, and Kelker, those four Defendants are **DISMISSED** from this action. Simone's Motion to Dismiss

8

[11] is **GRANTED**; Simone's Motion to Stay Proceedings [14] is **DENIED AS MOOT**; and the Motion for Scheduling Conference [16] filed by all Defendants, including those who are dismissed, is **DENIED** without prejudice to renewal by the remaining Defendants. Plaintiff's motion for leave to proceed *in forma pauperis* as a non-prisoner [5] is **GRANTED**, and his motion for service of process [4] is **DENIED AS MOOT**.

Plaintiff **SHALL** serve upon each Defendant or each Defendant's counsel a copy of every additional pleading or other document that is filed with the Clerk of Court. Each pleading or other document filed with the Clerk **SHALL** include a certificate stating the date on which an accurate copy of that paper was mailed to each Defendant or each Defendant's counsel. This Court will disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff also **SHALL** keep the Court and each Defendant advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

This case **SHALL** proceed on a four (4) month discovery track, beginning no later than thirty (30) days after the appearance of the first Defendant by answer to the

9

complaint, subject to extension by motion filed prior to the expiration of the discovery period. See LR 26.2(A)-(B), NDGa.

**IT IS SO ORDERED** this 14th day of June, 2010.

TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

10

AO 72A
(Rev.8/82)